Birchard, J.
A correct determination of this motion requires, to some extent, a consideration of the responsibilities which the law casts upon common carriers. The general rule is, that they are bound to carry salely, and deliver in good order, at the place of destination, the goods which they contract to carry. That for the acts of commission or omission, of agents or servants, occasioning damage, the principal is equally liable as for acts of his own. And in case of loss or damage, the presumption of law is against the bailee, unless he shows it was occasioned by the public enemies, or such acts as could not happen by the intervention of man. That when a responsibility has begun, it continues until there has been a proper delivery, or the party has, in some way, been discharged of -his peculiar relation to the property. A question arises incidentally, in this case, concerning the commencement *261 and termination of the relation of carrier, by the several persons engaged in transporting these goods.
The owner shipped them *from Cleveland to Williams Centre, to the care of Forsyth & Hall, Maumee City, which was an intermediate point. On their arrival at this place they were delivered to Smith and Howe; Forsyth and Hall, to whom they were consigned, were not in business. Conformably to the usages of trade, the carrier for the first stage did his duty under the circumstances, by depositing with a responsible warehouseman. This would determine'his duty, entitle him to receive his freight, and impose upon the warehouseman the duty of forwarding the goods in accordance with the original design of the owner. Smith and Howe gave the goods such direction, and they ultimately came to the defendant’s possession, within the originally designed line of transit, from the place of shipment to the point of ultimate destination. They were received in the ordinary course of business, in good faith, in apparent good order, by the defendant, who paid the costs and charges. Had he been, in any legitimate sense, the agent of the bailee, in’whose hands they received the injury, the jury could not have allowed the lien set up by him under the charge of the court. Such was not, however, the defendant’s position. By the usages of the trade, he became, for the purposes of paying charges, and receiving and forwarding from Brunersburg to Williams Centre, the agent of the plaintiff, and his lien attached for the moneys expended in an honest endeavor to discharge his duty. Liens of this kind are said to be favored in law, and are not subject to the objections against general liens. From the general course of business, and the directions upon the goods, the defendant had a right to receive them from his immediate consignor, and to presume that the owner had duly authorized the consignment. To entitle him to claim his lien for commission and advances, the law imposed upon him nothing beyond what, a prudent man would, under like circumstances, have done in the discreet management of his own business. Nothing appears in this case which should deprive him of his lien, or that required different instructions to the jury. Motion overruled.