### PROTECTION TO A STAKEHOLDER.

Circuit Court of Richland County.

MYRA W. SWETT v. THE MUTUAL BENEFIT LIFE INSURANCE COMPANY.*

Decided, September, 1908.

*Procedure Where Claimants to a Fund Are Not All Before the Court —Cause One of Equitable Cognizance, Notwithstanding the Stakeholder by Filing an Answer Has Tendered Issue—Action by Beneficiary Under an Assigned Policy of Life Insurance—Parties—Interpleader—Multiplicity of Suits—Sections 5006, 5013 and 5016, Revised Statutes.*

1. Where two or more persons are severally claiming the same debt or property, and the party who is to pay the debt or deliver the property makes no claim of title or interest therein, and does not know to which of the claimants he should pay the debt or deliver the property, he is entitled to the protection of a court of equity.

2. Where a policy of life insurance was issued in Michigan, the residence at that time of both the assured and his wife who was made

---

* Affirming *Swett v. Life Insurance Co.*, 8 N.P.(N.S.), 569;  affirmed by the Supreme Court without opinion, *Swett v. Life Insurance Co.*, 83 Ohio. St.; p. —.

beneficiary, and an assignment of the policy was afterward made in Michigan to a resident of Michigan, and the assured died in Michigan, and the policy is still held there, and suit has been brought upon it by the assignee in the federal court in that state, an action brought in this state by the beneficiary, who is now a resident here, will be dismissed without prejudice for failure to make a *bona fide* effort to bring in the assignee of the policy as a party to the action, and she will be remanded to the Michigan forum for a determination of her rights.

*Lewis Brucker* and *B. F. Long,* for plaintiff in error.
*John R. Sayler* and *Cummings, McBride & Wolfe,* contra.

TAGGART, J.; DONAHUE, J., concurs; CRAINE, J., dissents.

This is a proceeding in error prosecuted by the plaintiff in error to reverse the judgment of the court of common pleas.

In the court of common pleas the plaintiff in error filed her petition on a policy of insurance issued by the defendant in error on the life of her husband, Edward R. Swett. The petition alleged the issuance of the policy as of the date of September 4, 1900, while the plaintiff and her late husband were residents of the state of Michigan. She further alleged that on the 24th of October, 1906, her late husband departed this life; that due proof under said policy was given the defendant, all the requirements and conditions of said policy were performed. She averred further that the policy of insurance is not in the possession or under the control of the plaintiff, but that she is informed and believes, and, therefore, avers that the same is in the possession of the defendant, and for this reason she is unable to attach a copy of said policy as an exhibit to her petition. She prays judgment in the sum of $15,000.

This petition was filed on the 24th of April, 1907, and on July 10, 1907, the insurance company filed its answer, in which it admits the execution and delivery of the policy on the life of Edward R. Swett, payable to the plaintiff, if living, upon the death of the insured, and upon due and satisfactory proof of interest and of the death of the said insured, deducting from the policy the indebtedness to the company on said policy, together with the current year's premium. The defendant further pleads

a provision of the policy that, "no assignment of the policy shall take effect until a written notice thereof be given to the company." It then pleads and sets forth a copy of an assignment of a policy to the Hackley National Bank of Muskegon, Michigan, which assignment is signed by the plaintiff and endorsed on said policy of assignment the acceptance of the same by the company and the filing of the same provision that if canceled, the original to be returned to the company.

It farther avers the purpose of this assignment to secure certain indebtedness of $15,000 to the Hackley National Bank, and that it is informed and therefore avers that no part of the same has been paid, and that the Hackley National Bank has made proof of a valid interest in said policy, and has made proof of the death of said Edward R. Swett; that it is entitled to a credit on said policy certain amounts set out in its said answer, and then says that the policy of insurance is held in the state of Michigan under said assignment, and is the same policy and insurance set out and referred to in the petition of plaintiff.

To this answer plaintiff replied admitting that the policy sued on contained the provision alleged in the answer, and that proof of the death of Swett was made to the defendant, and denies the remaining allegations of the answer.

In her second defense by way of reply, she admits signing the purported assignment of insurance in the county of Muskegon, in the state of Michigan, but avers that the purported assignment by her, as the wife of Edward R. Swett, was invalid and ineffective to convey any of her interest in said policy, and she sets out what purports to be several sections of the laws of Michigan in support of her claim.

In her third defense by way of reply, she adopts the averments of her second defense, and alleges that the purported assignment was without any consideration.

In her fourth defense, by way of reply, she sets out the alleged indebtedness, which said assignment was made to secure, was renewed from time to time and extensions of time given without her knowledge or consent, and that in consequence thereof the purported assignment is illegal and void and of no effect.

On November 15, 1907, the defendant filed its supplemental answer, in which is averred in brief that since the filing of its answer the assignee or assignees of said policy, the Hackley National Bank, and others, brought an action in Circuit Court of the United States for the Western District of Michigan against this defendant on said policy of insurance. It then further says that it disclaims any interest in any controversy respecting the validity of said assignment of said policy of insurance except in so far as this defendant may be protected in the payment of the money on said policy, to-wit, $14,160.46, as aforesaid, to the proper person or persons. It then avers that the said assignees of said policy of insurance "are parties necessary with plaintiff in this case in order that the controversy herein may be determined, that a determination of the controversy herein can not be made without the presence of said assignees."

On March 10, 1908, the defendant by its motion moved the court for an order requiring the plaintiff to bring in the assignees of said policy as necessary and proper parties to the determination of this case according to the supplemental answer of defendant filed herein, and upon failure or refusal so to do that her action be dismissed.

On May 10, 1908, this motion was heard, and on May 13, 1908, the court made the order, "whereas, the plaintiff failed to comply with the order of the court heretofore in reference to bringing in new parties, this case is dismissed without prejudice and adjudged the costs against the plaintiff," to all of which the plaintiff at the time excepted.

Thereupon the plaintiff below, now plaintiff in error, filed her petition in error to reverse the judgment and order of the court of common pleas. And the question before this court is, was the judgment and order so made erroneous?

Section 5013 is as follows:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy can not be had without the presence of other parties, the court may order them to be brought in, or *dismiss the action without prejudice.*"

That the court may dismiss a case without prejudice for disobedience by the plaintiff of an order concerning the proceedings in an action is determined by Section 5314, paragraph 5. But we take it that the order must be one that the court is entitled by law to make. This brings us to the real question in this, case, did the court of common pleas have the right under the law to require the plaintiff to bring in the assignees of said policy of insurance, and upon default of bringing them in have her case dismissed without prejudice. It is claimed by plaintiff in error as this was an action at law for money only and as the insurance company had filed its answer tendering an issue that plaintiff was entitled to a trial by a jury on those issues, and the case was not one of equitable cognizance, neither did it fall within the provisions of Section 5013 or of 5006 of the Revised Statutes.

It is further contended by plaintiff in error that the insurance company, if it desires to protect itself from a multiplicity of suits, its remedy is to be found under Section 5016 of the Revised Statutes, by way of interpleader.

That in the case at bar the action is upon contract, and that if the company is ready to dispose or pay it should come into court under this provision and there find complete protection for itself. It will be noted that when the original answer of the defendant was filed the defendant pleaded a provision of its policy and an assignment thereof to other parties. The plaintiff replied attacking the assignment as being invalid and void; subsequently by its supplemental answer it alleged a demand by the assignees of this policy upon it for payment of the amount due thereunder. It then pleads a disclaimer of any interest in the controversy as to the assignee of the policy or as to the proper payees, and avers that it is willing to pay the amount of its liability. It will be seen that the company could not avail itself of the provisions of Section 5016, because it had already filed an answer and would be prevented from availing itself of this remedy under the statute.

At the time the motion was filed there was a controversy between the parties to this case. The controversy was in respect to this assignment. The plaintiff claimed the assignment was

wholly invalid, nugatory and void.  The determination of this controversy as to whether this assignment was nugatory and void or valid and in full force could not be determined, as we view it, without the presence of the assignees of this policy.  While the company, in the case before the court of common pleas, might have gone on and litigated this case, yet it was a controversy purely between the plaintiff and the assignees of the policy. ·

By the disclaimer in the supplemental answer, the attention of the court of common pleas was called to the fact that there were matters of equitable cognizance before it.

First.  By the accounting of the amount that was due on the policy.

Second.  By the fact that there were other parties than the plaintiff claiming the funds or proceeds of this policy.

It did not appear that this was by collusion or through an independent or different contract or arrangement than that by which the plaintiff claimed to recover.  So that several contingencies might arise: the defendant might be called upon to pay this policy twice in certain events, and in certain other events might be relieved from all responsibility.

In the first contingency it would be an inequitable and gross injustice to it.  In the second contingency it would be inequitable and a gross injustice to some of the contending parties.  Now the Supreme Court in the 14 O. S., 303, *Penn* v. *Hayward et al*, thus lay down the rule:

"A court invested with general chancery powers in this state, may decree specific performance of agreements to convey lands lying in another state, where all the parties, still bound by the agreement, are within the jurisdiction of the court, and have been served with its process.

"But where part only of the persons from whom such conveyance is required, are residents of the state, and the court has not acquired jurisdiction over the persons of the non-residents, so that complete relief can not be had in that suit, the cause will be dismissed; especially where no real necessity exists for trenching upon the rule discountenancing multiplicity of suits."

Sections 35 and 40 of the code (Sections 5006 and 5013, Revised Statutes), providing for the joining of all persons in inter-

est, etc., and that the court may determine any controversy when it can be done without prejudice to others, are permissive in their nature, except the last clause.   They substantially adopt the rule in equity, and the discretion given must be exercised with a view to avoiding multiplicity of suits.

On page 306 the court says:

"The effect of these sections is to vest in the court a legal discretion to say, when and under what circumstances a suit may proceed without drawing into its vortex all parties interested in the questions involved in it, if it can be done without prejudice to the rights of others.   But this discretion is not an arbitrary discretion.   It must be exercised with due regard to established rules; and prominent among these, is the duty to avoid multiplicity of suits, and to obtain a final and complete, determination of all the questions involved in it, *with the least delay and at the least possible expense.*

"There is much obscurity in the title of the code as to 'parties to civil actions,' owing to the effort to blend, in one system, the rules pertaining to suits at law and in chancery; but the rules of courts of equity will be found to predominate in its provisions. Judge Swan, in his recent and valuable treatise upon the code, at page 100 says that Section 35 is a substantial adoption of the equity rule, requiring persons whose interests are involved in the issue, and who may be affected by the judgment or decree, be made defendants; and adds as a sequence on the next page, that 'all parties entitled to litigate the same questions over again in a new proceeding, instituted by them or either of them, are, in general, necessary parties.'   This is not perhaps a logical sequence of the rule as stated; but when considered in connection with the duty to avoid multiplicity of suits, it is believed to be correct."

In this case the court dismissed the proceedings because all the parties to a complete determination of the case were not before it, and the court could not grant complete relief.

We are of the opinion that on the filing of the supplemental answer the court did obtain equitable cognizance and full power to grant complete relief of the parties by making the order that the assignees be brought in to the case, or that the case be dismissed without prejudice.   Section 5016 is not exclusive, but is auxiliary to the practice in chancery respecting interpleader, and

[even if the matter before the court was not a matter of interpleader, it was one of equitable cognizance. Where two or more persons severally claim the same thing, and the party who is to deliver the property not claiming any title or interest therein himself and not knowing to which of the claimants he ought to render the debt or duty or deliver the property, and may be either molested by action or actions brought against him or fears that he may suffer injury from the conflicting claims he is entitled to protection by a court of equity.]

In this case the insurance was issued in the state of Michigan, the alleged assignment was made there, the assured died there, the policy is held there, suit is brought there on this policy, and there is nothing appearing to the court why the plaintiff may not assert her rights in that forum and have them there determined. By so doing no injustice will be done to any of the parties to the controversy, and the rights of all may be protected. This is not turning a suitor out of the courts of this state and requiring her to go to a sister state. [It is simply requiring her to attempt to secure the attendance of the contending party in this jurisdiction, or attempt to have her rights determined in a foreign jurisdiction, where an action is pending which would determine the entire matter, and in the event of failure after a *bona fide* effort to either secure the contending parties in this court, or effect an entrance into the case as a party in the foreign jurisdiction, this case could be commenced again and prosecuted to a finality. As the plaintiff is entirely responsible for this situation every equitable consideration requires that she should be required to conform her conduct so that no wrong or injustice will be done to either party.

And we think peculiarly in this class of cases where no final judgment is to be rendered, there is reposed in the court a discretion to require the plaintiff to make the effort to secure the presence of the contending parties or suffer a dismissal of his case without prejudice. If the plaintiff after a *bona fide* attempt to secure the presence of the contending party and obey the order of the court, had failed, or had in good faith attempted to become a party in the foreign jurisdiction and had been denied, we

do not see any reason why she might not again begin this action here alleging these facts, but until she has obeyed a proper order of the court she is not prejudiced by a dismissal of this action without prejudice.

The judgment of the court of common pleas is affirmed.